IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ACE INVESTORS, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>MARGERY RUBIN, AS TRUSTEE OF THE RUBIN FAMILY IRREVOCABLE STOCK TRUST,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO TRANSFER<br><br><br><br>Case No. 2:08-CV-289 TS |

This matter is before the Court on Defendant's Motion to Transfer. Defendant seeks to transfer this matter to the Eastern District of New York pursuant to 28 U.S.C. § 1404(a). For the reasons discussed below, the Court will deny the Motion.

I.  DISCUSSION

A motion to transfer venue for *forum non conveniens* is governed by 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have

1

been brought." "The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient."[1]

In determining whether to transfer this matter, the Court must make two determinations. First, the Court must determine whether this action could have been brought in the proposed transferee district. There is no dispute here that this action could have been brought in the Eastern District of New York. Therefore, this first element has been met.

Second, the Court must consider whether it is for the convenience of the parties and witnesses, and in the interest of justice, to transfer this matter. This is an individualized, case-by-case, determination.[2] The Court considers a number of factors in considering the convenience and fairness of transferring a matter, including:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.[3]

The Court will consider these factors as they are presented in this case.

---

[1] *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991).

[2] *Id*.

[3] *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967).

A.     PLAINTIFF'S CHOICE OF FORUM

The Tenth Circuit has long held that "unless the evidence and the circumstances of the case are strongly in favor of the transfer the plaintiff's choice of forum should not be disturbed."[4] Thus, the Court must give great weight to Plaintiff's choice of forum.[5]

Here, Plaintiff made the decision to bring this action in Utah. The Court must give this choice great weight. Additionally, the Promissory Note that is the subject of Plaintiff's Complaint contains the following language: "This Note shall be construed and enforced in accordance with the laws of the State of Utah. The undersigned hereby consents to the in personam jurisdiction of the courts of the State of Utah."[6] Although this forum selection provision is permissive, rather than mandatory, this is a factor the Court will consider in making this determination.[7] Based on the above, the Court finds that this factor does not weigh in favor of transfer.

B.     ACCESSABILITY OF WITNESSES

Plaintiff claims that the witnesses and documents relating to the Promissory Note at issue here are located in Utah or have close ties to Utah. Defendant, on the other hand, argues that the witnesses and documents related to the underlying transaction between the parties are located in

---

[4]*Id.*

[5]*KCJ Corp. v. Kinetic Concepts, Inc.*, 18 F.Supp. 2d 1212, 1214 (D. Kan. 1998).

[6]Docket No. 17, Ex. A-1, at ¶ (b).

[7]*See, e.g., Cancer Genetics, Inc. v. Kreatech Biotechnology, B.V.*, 2007 WL 4365328, *4 (D. N.J. Dec. 11, 2007) (collecting cases and holding that a permissive forum selection clause is a factor considered in motions to transfer).

and around New York. Both parties have presented detailed affidavits to support their contentions.

Having reviewed the documents submitted by the parties, the Court finds that there are witnesses which would have to travel out-of-state regardless of the forum. Transferring this case to the Eastern District of New York would simply shift the burden from Defendant to Plaintiff. "Merely shifting the inconvenience from one side to the other . . . is not a permissible justification for a change of venue."[8] Therefore, this factor does not weigh in favor of transfer.

C.    CONGESTED DOCKETS

Plaintiff has presented evidence that the docket in the District of Utah is somewhat less congested than the docket in the Eastern District of New York. The Court finds that this factor weighs against transfer.

D.    QUESTIONS OF LOCAL LAW

As noted above, the Promissory Note provides that it is to be governed by Utah law. This court is in a better position to interpret Utah law than the Eastern District of New York. Therefore, this factor weighs against transfer.

Based on the above, Defendant has not met her burden to show that it is for the convenience of the parties and witnesses, and in the interest of justice, to transfer this matter.

## II. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Transfer (Docket No. 6) is DENIED. The hearing set for November 13, 2008 is STRICKEN.

---

[8] *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992).

DATED   October 27, 2008.

>BY THE COURT:
>
>_____
>TED STEWART
>United States District Judge