IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ACE INVESTORS, LLC,<br><br>　　Plaintiff,<br><br><br><br>vs.<br><br><br>MARGERY RUBIN, AS TRUSTEE OF THE RUBIN FAMILY IRREVOCABLE STOCK TRUST,<br><br>　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED ANSWER, THIRD-PARTY COMPLAINT, AND DEMAND FOR JURY TRIAL<br><br><br><br><br>Case No. 2:08-CV-289 TS |

　　This matter is before the Court on Defendant's Motion for Leave to File Amended Answer, Third-Party Complaint, and Demand for Jury Trial. Because the Court finds the proposed Third-Party Complaint to be lacking, the Court will deny Defendant's Motion, but will do so without prejudice to Defendant's filing a Third-Party Complaint which cures these deficiencies.

I. MOTION TO AMEND STANDARD

Fed.R.Civ.P. 15(a) provides that, after a responsive pleading has been served, "a party may amend its pleadings only with the opposing party's written consent or the court's leave."[1] The Rule goes on to state that "[t]he court should freely give leave when justice so requires."[2] The Supreme Court, in *Forman v. Davis*,[3] stated:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."[4]

A court may deny a motion for leave to amend when it would be futile.[5] A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.[6] In considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the nonmoving party.[7]

---

[1] Fed.R.Civ.P. 15(a)(2).

[2] *Id*.

[3] 371 U.S. 178 (1962).

[4] *Id*. at 182.

[5] *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

[6] *Id*.

[7] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

2

## II.  DISCUSSION

As an initial matter, the Court notes that Plaintiff does not appear to object to the contents of Defendant's proposed Amended Answer or Demand for Jury Trial.  Thus, the Court will limit its discussion to the proposed Third-Party Complaint.

The proposed Third-Party Complaint contains three causes of action against Third-Party Defendants Young, Allara, Hamilton, Sooner, and Sullivan: (1) fraudulent nondisclosure/fraudulent concealment; (2) fraudulent inducement; and (3) unjust enrichment.  Plaintiff argues that the proposed Third-Party Complaint is deficient because the fraud claims fail to meet the requirements of Fed.R.Civ.P. 9(b).  In addition, Plaintiff argues that each of Defendant's claims fail for other reasons.

A.   RULE 9(b)

Defendant's first two causes of action allege fraud and, thus, must meet the requirements of Fed.R.Civ.P. Rule 9(b).  Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  "Simply stated, a complaint must 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'"[8]  "Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud."[9]

The primary reference to the individual Third-Party Defendants is contained in paragraph 15 of the Third-Party Complaint and states in its entirety:

---

[8] *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (quoting *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991)).

[9] *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 727 (10th Cir. 2006) (quotation marks and citation omitted).

> Prior to the execution of the Sale Agreement, the Rubin Group performed due diligence predicated upon information, documents, and financial materials provided by Third-Party Defendants, including, in particular, Young, the Chairman of the Board of Directors and manager of the Bridge Entities; Allara; Hamilton; Sooner, the President of the Company; and Sullivan, the Chief Financial Officer of the Company.[10]

The proposed Third-Party Complaint goes on to state that the Third-Party Defendants should have known of material information that was not disclosed to Defendant, including information that the Company was in far worse financial condition than was represented at the time of the purchase. Additionally, the Third-Party Complaint alleges that the Third-Party Defendants failed to disclose or concealed material information from Defendant, including the true financial condition of the Company, the claims of various investors, and the existence, content, or inaccuracies of a Private Placement Memorandum.

The Court finds that the proposed Third-Party Complaint is largely conclusory, containing allegations that the Third-Party Defendants knew of information that was not disclosed to Defendant and that the Third-Party Defendants concealed material information from Defendant. The Third-Party Complaint does little more than recite the elements of Defendant's fraud claims. It does nothing to link the individual Third-Party Defendants to Defendant's claims. Because of this, the proposed Third-Party Complaint would not withstand a motion to dismiss. However, Defendant will be given an opportunity to amend these claims to meet the requirements of Rule 9(b).

B.      FRAUDULENT NONDISCLOSURE/FRAUDULENT CONCEALMENT

A party is liable for fraudulent nondisclosure if he "omi[ts] . . . a material fact when there is a duty to disclose for the purpose of inducing action on the party of the other party, with

---

[10]Docket No. 32, Ex. A, at 10.

4

actual, justifiable reliance resulting in damage to that party."[11]  "[A] claim for fraudulent nondisclosure rests on three elements: (1) a legal duty to communicate, (2) undisclosed material information, and (3) a showing that the information was known to the party who failed to disclose."[12]  The elements for fraudulent concealment are the same.[13]

Plaintiff argues that the Third-Party Defendants had no legal duty to Defendant.  The proposed Third-Party Complaint alleges that Third-Party Defendants owed a legal duty to Defendant.  While the Court is not in a position to rule on the merits of this allegation at this time, the Court finds that this element is sufficiently alleged.  Therefore, amendment is not futile on this ground.

C.     FRAUDULENT INDUCEMENT

In order to state a claim for fraudulent inducement, a party must allege: (1) that a representation was made (2) concerning a presently existing material fact (3) which was false and (4) which the representor either (a) knew to be false or (b) made recklessly, knowing that there was insufficient knowledge upon which to base such a representation, (5) for the purpose of inducing the other party to act upon it and (6) that the other party, acting reasonably and in

---

[11] *Taylor v. Gasor, Inc.*, 607 P.3d 293, 294 (Utah 1980).

[12] *Moore v. Smith*, 158 P.3d 562, 572 (Utah Ct. App. 2007).

[13] *Smith v. Frandsen*, 94 P.3d 919, 923 (Utah 2004) (quoting *Hermansen v. Tasulis*, 48 P.3d 235, 242 (Utah 2002) ("[I]n order to establish fraudulent concealment, 'a plaintiff must prove the following three elements: (1) the nondisclosed information is material, (2) the nondisclosed information is known to the party failing to disclose, and (3) there is a legal duty to communicate.'").

ignorance of its falsity, (7) did in fact rely upon it (8) and was thereby induced to act (9) to that party's injury and damage.[14]

Plaintiff argues that Defendant has failed to plead that the Third-Party Defendants knew their representations were false or were made recklessly. Defendant does not respond to this argument. A close reading of the Third-Party Complaint, as it relates to the fraudulent inducement claim, reveals that Plaintiff is correct. At no point does the Third-Party Complaint allege that the Third-Party Defendants knew their representations were false or were made recklessly. As a result, Defendant's fraudulent inducement claim would not survive a motion to dismiss and is futile. However, as the Court will allow Defendant an opportunity to amend its fraud claims, Defendant will be given an opportunity to amend this element of this claim as well.

D.     UNJUST ENRICHMENT

"To state a claim for unjust enrichment, a plaintiff must allege facts supporting three elements: '(1) a benefit conferred on one person by another; (2) an appreciation or knowledge by the conferee of the benefit; and (3) the acceptance or retention of the benefit under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value.'"[15]

Plaintiff argues that Defendant has failed to allege that a benefit was conferred on it. However, Defendant, in its amended Answer, specifically states that it paid ACE over $200,000. While it is true that there is no allegation that this money went directly to Third-Party Defendants, this allegation is sufficient to survive a motion to dismiss.

---

[14]*Daniels v. Vincent*, 190 P.3d 1269, 1279 (Utah 2008).

[15]*Hess v. Johnston*, 163 P.3d 747, 754 (Utah Ct. App. 2007) (quoting *Jeffs v. Stubbs*, 970 P.2d 1234, 1248 (Utah 1998)).

Plaintiff further argues that it would not be inequitable for the Third-Party Defendants to retain this benefit. This is not a determination that can be made at this stage of this action. For these reasons, this amendment would survive a motion to dismiss and is not futile.

### III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Leave to File Amended Answer, Third-Party Complaint, and Demand for Jury Trial (Docket No. 30) is DENIED WITHOUT PREJUDICE. The hearing set for February 19, 2009 is STRICKEN.

DATED   February 2, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge