IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ACE INVESTORS, LLC,<br><br>    Plaintiff,<br><br><br><br><br><br><br><br><br><br><br><br><br><br>       vs.<br><br><br>MARGERY RUBIN, AS TRUSTEE OF THE RUBIN FAMILY IRREVOCABLE STOCK TRUST,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED ANSWER, COUNTERCLAIM, THIRD-PARTY COMPLAINT, AND DEMAND FOR JURY TRIAL, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DENYING AS MOOT DEFENDANT'S MOTION FOR EXTENSION OF TIME AND PLAINTIFF'S MOTION TO CONSOLIDATE ORAL ARGUMENT<br><br><br><br><br><br><br>Case No. 2:08-CV-289 TS |

This matter is before the Court on Defendant's Motion for Leave to File Amended Answer, Counterclaim, Third-Party Complaint, and Demand for Jury Trial. Because the Court finds Defendant's proposed Counterclaims and Third-Party Complaint to be sufficiently pled under Federal Rules of Civil Procedure 8 and 9, the Court will grant Defendant's Motion.

## I.  MOTION TO AMEND STANDARD

Federal Rule of Civil Procedure 15(a) provides that, after a responsive pleading has been served, "a party may amend its pleadings only with the opposing party's written consent or the court's leave."[1]  The Rule goes on to state that "[t]he court should freely give leave when justice so requires."[2]  The Supreme Court, in *Forman v. Davis*,[3] stated:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."[4]

A court may deny a motion for leave to amend when it would be futile.[5]  A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.[6]  In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the nonmoving party.[7]

---

[1] Fed. R. Civ. P. 15(a)(2).

[2] *Id.*

[3] 371 U.S. 178 (1962).

[4] *Id.* at 182.

[5] *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

[6] *Id.*

[7] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

## II.  DISCUSSION

Earlier this year, the Court rejected a motion by Defendant to file a Third-Party Complaint because Defendant had failed to plead several fraud based claims sufficient to satisfy Rule 9.  In rejecting the motion, however, the Court did so without prejudice to allow Defendant an opportunity to cure the defects.  The Court now has before it Defendant's proposed amended Complaint ("Amended Complaint"), and finds that Defendant has complied with the Court's order.  Therefore, the Court will grant Defendant's Motion.

The Amended Complaint alleges six counterclaims against Plaintiff Ace Investors, LLC, three causes of action against Third-Party Defendants Young, Allera, Sonner, and Sullivan, and two additional causes of action against Third-Party Defendants Young, Allera, Sonner, Sullivan, and Harrison.  The six counterclaims include: (1) rescission, (2) fraud, (3) fraudulent nondisclosure/fraudulent concealment, (4) fraudulent inducement, (5) unjust enrichment, and (6) money had and received.  The Third-Party Complaint re-alleges the same causes of action as the counterclaims, except rescission.

Plaintiff argues that the Court should deny Defendant's Motion for Leave to Amend because amendment would be futile.  According to Plaintiff, Defendant's fraud claims are barred under the applicable statute of limitations.  In addition, Plaintiff argues that the claims fail as a matter of law.

A.    FRAUD BASED CLAIMS

The claims of rescission, fraud, fraudulent nondisclosure/fraudulent concealment, and fraudulent inducement are based in fraud and, thus, must meet the requirements of Federal Rule

of Civil Procedure 9(b).[8]  Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  "Simply stated, a complaint must 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'"[9]  "Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud."[10]

In the initial Third-Party Complaint, Defendant's reference to the individual Third-Party Defendants was contained in a single paragraph.[11]  In the Amended Complaint now before the Court, the Defendant has alleged significant details of alleged conduct and has referenced specific conversations between the parties, including subject-matter, time, and place.

Plaintiffs asserts that, even with the added factual allegations, these claims still cannot withstand a motion to dismiss under Rule 12(b)(6).  According to the Plaintiff, the fraud-based claims are barred under the applicable statute of limitations of three years from the discovery of the facts constituting the fraud.[12]  In so asserting, Plaintiff points to specific allegations in Defendant's amended Complaint and infers from these statements that Defendant was on notice of its claims as early as February 24, 2004.  Utah courts have held, however, that "the issue of when a claimant discovered or should have discovered the facts forming the basis of a cause of

---

[8]*See also Armed Forces Ins. Exch. v. Harrison*, 70 P.3d 35 (Utah 2003) (noting that all claims sounding in fraud must satisfy Rule 9(b)).

[9]*Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (quoting *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991)).

[10]*United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 727 (10th Cir. 2006) (quotation marks and citation omitted).

[11]Docket No. 32, Ex. A, at 10.

[12]*See* Utah Code Ann. § 78B-2-305.

4

action is a question of fact."  As leave to amend must only withstand a motion to dismiss, such factual finding are  inappropriate for this stage of the proceedings.

Plaintiff further asserts that even if the claims were not time-barred, they still fail as a matter of law.  Plaintiff proceeds to outline several instances where Plaintiff feels Defendant's factual allegations are untruthful or exaggerated.  Underlying Plaintiff's objections, however, is a misconstrual of the standard of review for a 12(b)(6) motion to dismiss. Again, in evaluating a motion to dismiss, the court is to accept all of the non-moving party's factual allegations as true.[13]  Thus, Plaintiff's repeated attempts to challenge the merits of Defendants' factual allegations are not appropriate at this stage in the proceedings.

Consequently, these amendments would survive a motion to dismiss and are not futile.

B.      OTHER CLAIMS

Plaintiff asserts that Defendant's claims for unjust enrichment and money had and received are insufficient to withstand a motion to dismiss.  The Court has already found the claim for unjust enrichment to be properly pled and will not readdress that claim.[14]

"In order to maintain an action for money had and received it is necessary to establish that the defendants have received money belonging to the plaintiff or to which he is in equity and good conscience entitled."[15]  Plaintiff argues that Defendant never alleges what money was paid by Defendant to Plaintiff or Third-Party Defendants.  Although Defendant does fail to mention the amounts paid to the respective parties in those sections, Defendant incorporates the preceding

---

[13]*Ruiz*, 299 F.3d at 1181.

[14]*See* Docket No. 41, at 6-7.

[15]*Moss v. Summit County*, 208 P. 507, 511 (Utah 1922).

paragraphs by reference, which do contain amounts of money paid.  Setting forth the facts, and then incorporating those paragraphs by reference, is a common and well-accepted practice of pleading factual allegations.[16]  Consequently, these amendments would survive a motion to dismiss and are not futile.

Because Defendant's Amended Complaint complies with Rule 8 and Rule 9 of the Federal Rules of Civil Procedure, the Court will grant Defendant's motion for leave to amend. As a result of this ruling, it appears that Plaintiff's Motion for Summary Judgment is premature. Therefore, the Court will deny it without prejudice.  Further, the competing Motions filed by the parties concerning the scheduling of briefing and oral argument on this Motion and the Motion for Summary Judgment are now moot and will be denied as such.

III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Leave to File Amended Answer, Counterclaim, Third-Party Complaint, and Demand for Jury Trial (Docket No. 42) is GRANTED.  It is further

ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 46) is DENIED WITHOUT PREJUDICE.  It is further

ORDERED that Defendant's Motion for Extension of Time (Docket No. 52) is DENIED AS MOOT.  It is further

ORDERED that Defendant's Motion to Consolidate Oral Argument (Docket No. 53) is DENIED AS MOOT.

---

[16]*See Coroles v. Sabey*, 79 P.3d 974, 981 n.13  (Utah App. 2003) ("We have no problem with plaintiffs deciding, in drafting their complaints, to state the facts first and then to incorporate those facts by reference in the context of setting forth their individual claims.").

6

DATED   June 16, 2009.

BY THE COURT:

_____

TED STEWART
United States District Judge