IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ACE INVESTORS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>MARGERY RUBIN, AS TRUSTEE OF THE RUBIN FAMILY IRREVOCABLE STOCK TRUST,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR PROTECTIVE ORDER**<br><br>Case No: 2:08-CV-00289-TS-DN<br><br>District Judge Ted Stewart<br><br>Magistrate Judge David Nuffer |

This order resolves defendant Rubin Family Irrevocable Stock Trust's (Rubin Trust) motion for a protective order[1] that would prevent plaintiff ACE Investors, LLC (ACE) from taking Margery Rubin's deposition; require the deposition be taken in New York; and limit the scope of the deposition. ACE indicates that the deposition will be taken in New York[2] and that the deposition will pose "questions concerning property and assets [Rubin] holds as Trustee of the Rubin Trust."[3]

On May 17, 2010, Judge Ted Stewart entered judgment in favor of ACE and against defendant Rubin Family Irrevocable Stock Trust's (Rubin Trust) in the amount of $1,731,651.37.[4] In an effort to collect this judgment, ACE seeks to depose Margery Rubin

---

[1] Defendant's Motion for Protective Order (Motion), docket no. 92, filed Oct. 18, 2010.

[2] Memorandum in Opposition to Defendant Margery Rubin's Motion for Protective Order (Opposition Memorandum) at iv, docket no. 94, filed Nov. 3, 2010.

[3] *Id.* at iii.

[4] Order, Final Judgment and Dismissal of Counterclaims, Third-Party Claims, and Cross-Claims (Judgment), docket no. 91, filed May 17, 2010.

(Rubin) to ask her about assets that the Rubin Trust now owns or owned in the past.[5] The Rubin Trust alleges that ACE's request for Rubin's deposition is unnecessary and is meant to harass Rubin.[6] In lieu of ACE deposing Rubin, Rubin Trust proposes that Rubin Trust designate a representative to be deposed pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.[7] ACE contends that a trust cannot designate a representative under Rule 30(b)(6) and that ACE's right to depose Rubin is not limited by the availability of a Rule 30(b)(6) deposition.[8] For the reasons below, Rubin Trust's motion is DENIED.

## Discussion

This motion presents three issues. First, ACE contends that a trust is not an entity that can designate a representative for deposition under Rule 30(b)(6).[9] If ACE is correct, Rubin Trust's proposed alternative to a deposition of Rubin is impossible. Second, ACE contends that even if a trust can designate a 30(b)(6) representative, ACE is still permitted to depose Rubin because Rubin is a party to the suit. If this is true, the first issue is irrelevant. Third, Rubin Trust argues that the protective order should be granted because ACE's only purpose in seeking to depose Rubin is to harass her.[10]

### The Rule 30(b)(6) Process Does Not Prevent ACE From Deposing Rubin

Even if the Rubin Trust is subject to deposition under Rule 30(b)(6), this does not prevent ACE from deposing Rubin if it chooses to do so rather than deposing a representative that the Rubin Trust would designate. Rule 30(b)(6) "does not preclude a deposition by any other

---

[5] Notice of Deposition of Margery Rubin, as Trustee of the Rubin Family Irrevocable Stock Trust (Deposition Notice), docket no. 93-1, filed Oct. 18, 2010.

[6] Memorandum in Support of Defendant's Motion for Protective Order (Supporting Memorandum) at 2, docket no. 93, filed Oct. 18, 2010.

[7] *Id.*

[8] Opposition Memorandum at 2-3, docket no. 94, filed Nov. 3, 2010.

[9] *Id.* at 6.

[10] Supporting Memorandum at 4.

procedure allowed by these rules."[11] Rubin Trust contends that Rubin's situation is analogous to an executive in a corporation that is being sued.[12] Rubin Trust argues that if other individuals designated by that organization have the same information and are designated by the corporation, the executive cannot be forced to testify.[13] However, Rubin Trust is not a corporation and Rubin is not simply an officer of an organization. Rubin is – in her capacity as trustee – a *party* to this suit, as the complaint clearly states.[14] The cases involving corporations are not applicable.

### Rubin Identifies No Sufficient Grounds For the Issuance of a Protective Order

Rubin argues that ACE merely wishes to harass her under the guise of a legitimate deposition.[15] While Rubin may not want to be deposed, the prospective assertion of improper purpose is insufficient to justify a protective order. ACE has asserted facts supporting the legitimacy of her deposition:

> 2. Mrs. Rubin holds the trust assets in trust. A copy of the April 30, 1997 Indenture of Trust ("Trust Agreement") was obtained in discovery but marked by Mrs. Rubin for "Attorneys Eyes Only." Mr. Robert Rubin executed the Trust Agreement as donor and Mrs. Rubin as Trustee. The Trust Agreement states that Mrs. Rubin is to hold the property transferred to her by Mr. Rubin, in trust. See, generally, Trust Agreement.
> 3. Mrs. Rubin, as Trustee, executed and delivered a promissory note payable to ACE ("Note).
> 4. Mrs. Rubin refused to pay the Note. Therefore, this litigation was initiated.[16]

ACE says the purpose of the deposition is to pose "questions concerning property and assets [Rubin] holds as Trustee of the Rubin Trust."[17] While Rubin has asserted she has no knowledge

---

[11] Fed. R. Civ. Pro. 30(b)(6).

[12] Supporting Memorandum at 4.

[13] *Id.*

[14] Complaint at 1, docket no. 2, filed Apr. 16, 2008.

[15] Supporting Memorandum at 5.

[16] Opposition Memorandum at iii.

[17] *Id.*

on these topics,[18] she is the titular representative of the Rubin Trust and has acted as if she were a person with knowledge and responsibility.

Totally forbidding a deposition is an extraordinary step that requires extraordinary circumstances.[19]  Conclusory allegations and counsel's judgment about the value of a deposition are not enough to justify a protective order.[20]

## Conclusion

Rubin Trust's Motion for Protective Order[21] is DENIED.

Dated January 10, 2011.

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge

---

[18] Declaration of Margery Rubin, docket no. 100, filed November 22, 2010.

[19] *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979).  *See also Res. Assoc. Grant Writing and Evaluation Serv., LLC v. Maberry*, 2009 WL 1312951 at *4 (D. N.M. 2009).

[20] *Bucher v. Richardson Hosp. Auth.*, 160 F.R.D. 88, 92-93 (N.D. Tex. 1994).

[21] Defendant's Motion for Protective Order, docket no. 92, filed Oct. 18, 2010.