IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ACE INVESTORS, LLC,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br><br>MARGERY RUBIN, AS TRUSTEE OF THE RUBIN FAMILY IRREVOCABLE STOCK TRUST,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S ORDER<br><br><br><br><br><br>Case No. 2:08-CV-289 TS |

This matter is before the Court on two Objections to the Magistrate Judge's July 19, 2011 Order filed by Defendant and Garnishees.[1] For the reasons discussed below, the Court will overrule the Objections.

I. BACKGROUND

Plaintiff ACE Investors, LLC brought this action against Margery Rubin as trustee of the Rubin Family Irrevocable Stock Trust (the "Stock Trust") to recover on a Promissory Note in the

---

[1] *See* Docket Nos. 168 & 169. Defendant joins in Garnishees' arguments. For the sake of clarity, the Court will refer to Garnishees and Defendants collectively as Garnishees.

1

original amount of $1 million. On May 17, 2010, Judgment was entered in favor of ACE and against Margery Rubin as trustee of the Stock Trust in the amount of $1,731,651.37, plus continuing interest at a rate of 12% and attorney fees incurred in collecting the Judgment.

The present dispute arises out of attempts by Plaintiff to collect on the Judgment. Plaintiff asserts that assets of the Stock Trust have been or will be transferred to two other trusts: the Rubin Family Irrevocable Marital Trust ("Marital Trust") and the Rubin Family Irrevocable Real Estate Trust ("Real Estate Trust") (collectively "Garnishees"). Plaintiff applied to the Clerk of the Court to issue Writs of Garnishment against the Marital Trust and Real Estate Trust. Plaintiff then submitted Garnishees Interrogatories on Margery Rubin.

Garnishees objected to the Writs of Garnishment and the parties engaged in substantial litigation before the Magistrate Judge. At issue here is the Magistrate Judge's Order of July 19, 2011,[2] which held that the Court had jurisdiction over Margery Rubin and the trusts of which she is a trustee and granted further relief in reference to the garnishment proceedings. Garnishees now object to that Order.

## II. DISCUSSION

28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure permit a district court to review a Magistrate Judge's orders on nondispositive matters under a clearly erroneous or contrary to law standard.[3] The clearly erroneous standard applies to factual findings

---

[2] Docket No. 160.

[3] 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); *Sprint Commc'ns Co. L.P. v. Vonage Holdings Corp.*, 500 F. Supp. 2d 1290, 1346 (D. Kan. 2007) (citing *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000)); *Smith v. MCI Telecomms. Corp.*,

and requires an affirmation of the Magistrate Judge's decision unless "on the entire evidence [the court] is left with the definite and firm conviction that a mistake has been committed."[4] The contrary to law standard, however, permits the district court to conduct a plenary review of the magistrate judge's purely legal determinations and may set aside an order if the wrong legal standard was applied.[5]

Garnishees raise two objections to the Magistrate Judge's Order. First, Garnishees argue that the restraint provisions of the Magistrate Judge's Order constitute an extraordinary remedy. Second, Garnishees argue that the Magistrate Judge's conclusion that the Court has personal jurisdiction over the Garnishees is contrary to law.

As to the first argument, the Court finds that it has entered its own Order for Restraint.[6] Therefore, any objections to restraint provisions of the Magistrate Judge's Order are now moot. Considering the merits of that claim, Garnishees' primary contention appears to be that the Court lacks authority to restrain property held by Margery Rubin as trustee of the Marital Trust and Real Estate Trust. The Court disagrees.

The Court's Order for Restraint is premised on Utah Rule of Civil Procedure 64(c)(3). That rule permits a court to "forbid any person from transferring, disposing or interfering with

---

137 F.R.D. 25, 27 (D. Kan. 1991).

[4]*Smith*, 137 F.R.D. at 27 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948) (internal quotations omitted)); *Sprint*, 500 F.Supp. 2d at 1346.

[5]*Williams v. Vail Resorts Dev. Co.*, 2003 WL 25768656, at *2 (D. Wyo. Nov. 14, 2003); *Sprint*, 500 F. Supp. 2d at 1346; *see also Computer Econ., Inc. v. Gartner Group, Inc.*, 50 F.Supp. 2d 980, 983 (S.D. Cal. 1999).

[6]Docket No. 167.

the property."⁷  Property is defined as "the defendant's property of any type not exempt from seizure."⁸  Thus, by the terms of the Utah Rules of Civil Procedure, the Court's Order for Restraint is limited to the property of the Stock Trust being held by the Marital Trust and Real Estate Trust.  Further, the Court has specifically stated that a motion for release of funds may be made to the Magistrate Judge.⁹  Therefore, the concerns raised by Garnishees in their Objection are not present.  Garnishees citation to *Brigham Young University v. Tremco Consultants, Inc.*,¹⁰ is similarly unavailing as that case is easily distinguishable from the facts presented here.  Therefore, the Court will overrule Garnishees' Objection on this ground.

Garnishees' second argument is based on the Magistrate Judge's finding that the Court has "personal jurisdiction over Margery Rubin and therefore the trusts of which she is trustee."¹¹  Garnishees argue that the Magistrate Judge's decision in this regard was incorrect.  Having reviewed the parties' memoranda and the relevant law, the Court finds that the Magistrate Judge's finding of jurisdiction was not contrary to law.  Further, even if the Court accepted Garnishees' arguments, the Court clearly has jurisdiction over Margery Rubin as Trustee of the Stock Trust.  Thus, the Magistrate Judge's conclusion that the Court "is able to order Margery

---

⁷Utah R.Civ.P. 64(c)(3).

⁸Utah R.Civ.P. 64(a)(9).

⁹Docket No. 167.

¹⁰156 P.3d 782 (Utah 2007).

¹¹Docket No. 160.

Rubin, as trustee, to disclose, account for and return assets transferred from the Stock Trust"[12] would not be overturned. Therefore, this objection too will be overruled.

### III. CONCLUSION

It is therefore

ORDERED that the Objections to the Magistrate Judge's July 19, 2011 Order (Docket Nos. 168 & 169) are OVERRULED.

DATED August 9, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[12] Docket No. 160.

5