IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ACE INVESTORS, LLC,<br><br>    Plaintiff,<br><br><br>vs.<br><br><br>MARGERY RUBIN, AS TRUSTEE OF THE RUBIN FAMILY IRREVOCABLE STOCK TRUST,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER STAYING CASE DURING PENDENCY OF APPEAL<br><br><br><br><br>Case No. 2:08-CV-289 TS |

This matter is before the Court for consideration of the parties' supplemental briefs. Previously, the Court asked the parties to address two issues: (1) whether the Court has the authority to rule on the parties' outstanding motions while the Garnishees' appeal is pending; and (2) assuming the Court has the authority to rule on these matters, whether the Court should await decision from the Tenth Circuit Court of Appeals.

Not surprisingly, each party argues that the Court has jurisdiction to hear its motion(s), but is without jurisdiction to hear the opposing parties' motion(s). The Court need not resolve the difficult issue of whether the Court retains jurisdiction to decide these issues. Rather, the

1

Court will exercise its inherent authority and will stay this matter pending the decision of the Tenth Circuit.

The Court has the inherent power to grant a stay pending the result of other proceedings.[1] The Supreme Court has described this power as "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[2] To make this determination "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."[3] "Factors relevant to the court's decision are: (1) whether a stay would promote judicial economy; (2) whether a stay would avoid confusion and inconsistent results; and (3) whether a stay would unduly prejudice the parties or create undue hardship."[4]

Considering these factors, the Court finds that a stay is appropriate. A stay would certainly promote judicial economy. This Court has ruled that the Court has jurisdiction over the Garnishees and has put in place an Order of Restraint. Both of these issues are currently before the Court of Appeals and both relate heavily to the matters pending before this Court. If the Tenth Circuit issued a decision finding this Court lacks jurisdiction over the Garnishees, this matter would largely be at an end, though certain limited issues pertaining to contempt may

---

[1] *Nederlandse ERTS-Tankersmaatchappij, N.V. v. Isbarndtsen Co.*, 339 F.2d 440, 441 (2d Cir. 1964).

[2] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[3] *Id*. at 254-55.

[4] *Evergreen Holdings, Inc. v. Sequoia Global, Inc.*, No. CIV-09-776-F, 2008 WL 4723008, at *2 (W.D. Okla. 2008).

remain.  The Court sees no reason to expend considerable resources determining the issues before it only to have that work become null and void if the Court of Appeals determines this Court lacks jurisdiction over the Garnishees.  On the other hand, if the Tenth Circuit affirms this Court's finding of jurisdiction and upholds the issuance of the Order of Restraint, that decision would aid the parties and the Court going forward.  Based on these considerations, the Court finds that a stay would promote the interests of judicial economy.

For substantially the same reasons, a stay would avoid confusion and inconsistent results. Many of the issues before the Court are dependent on a finding of personal jurisdiction over the Garnishees.  A decision by the Tenth Circuit to the contrary would certainly affect the Court's decision on those issues before it.  Therefore, to avoid confusion and inconsistent results, a stay is necessary.

Finally, while a stay will prejudice Plaintiff in its attempts to collect its judgment, the Court finds that it will not do so unduly or create undue hardship.  Plaintiff waited nearly a year after obtaining its judgment before seeking writs of garnishment and the parties' litigation of these issues has been labored, though each side must share some of this blame.  Further, the Court must weigh the prejudice and hardship to Plaintiff against the prejudice and hardship on the Garnishees, who argue they should not be forced to litigate in this forum.

Based upon all of these considerations, the Court finds that it is in the best interests of the Court and the parties to stay this matter pending resolution of the Garnishees' appeal before the Tenth Circuit Court of Appeals.

The hearing set for June 28, July 9, and July 10, 2012, is STRICKEN. The Order of Restraint (Docket No. 167) remains in effect.

SO ORDERED.

DATED June 6, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge